UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN THE INTEREST OF: ) | |
| ) | |
| CODY D. BURCH, ) | |
| ) | |
| An Alleged Disabled Person. ) | |
| ) | 05-2028 |
| _____ ) | |
| ) | |
| STATE OF ILLINOIS, Probate Division, and ) | |
| JAMES KUEHL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CODY D. BURCH, ) | |
| ) | |
| Respondent. ) | |

ORDER

      On February 2, 2005, Cody DeLane Burch removed this action from the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois.  According to Burch, the basis for this court's subject matter jurisdiction is 28 U.S.C. § 1331, 25 U.S.C. § 3601, and a treaty between the United States and the Pembina Nation Little Shell Band of North America.

      A defendant may remove a civil action to federal court only if the action could have been brought there originally.  28 U.S.C. § 1441(a); *see Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699 (1972). The federal court has original jurisdiction over a case "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  The right of removal must exist in the record at the time the petition for removal is filed.  *Nu-Way Sys., Inc. v. Belmont Mktg., Inc.*, 635 F.2d 617, 621 (7th Cir. 1980) (*citing Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-292 (1938)).   A remand is appropriate if subject matter jurisdiction is lacking.  28 U.S.C. § 1447(c).

      Accordingly, the threshold inquiry is whether the court has subject matter jurisdiction over this case.  This issue may be raised by the court on its own initiative, because "[t]he first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."  *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

The pleadings are difficult to decipher, but it appears that Burch seeks termination of a guardianship over his estate.  Burch has been ordered to appear before the state probate court on February 18, 2005, and his failure to do so will result in a warrant being issued for his arrest.

This court has no jurisdiction over Burch's case.  Burch states he is a Native American, and cites 25 U.S.C. § 3601 for the proposition that this court has jurisdiction over the guardianship proceeding.  However, nothing within the cited statute confers jurisdiction to this court for a guardianship over the estate of a disabled Native American.  This case does not arise under the Constitution, laws or treaties of the United States.  It arises under state law, and it must be adjudicated in state court.

Therefore, this court, acting *sua sponte*, remands the action to the Circuit Court of Champaign County, Illinois.

Entered this 3rd day of February, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE