UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN THE INTEREST OF: ) | |
| ) | |
| CODY D. BURCH, ) | |
| ) | |
| An Alleged Disabled Person. ) | |
| ) | 05-2028 |
| _____ ) | |
| ) | |
| STATE OF ILLINOIS, Probate Division, and ) | |
| JAMES KUEHL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CODY D. BURCH, ) | |
| ) | |
| Respondent. ) | |

ORDER

On February 2, 2005, Cody DeLane Burch ("Burch") removed this action from the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois. Determining that it lacked subject matter jurisdiction over the case, this court remanded the action to the Circuit Court of Champaign County, Illinois on February 3, 2005. On February 14, 2005, Burch filed a mostly unintelligible motion for reconsideration based on newly discovered evidence.

Burch appears to argue that this court has jurisdiction over his case because certain transactions within his guardianship proceeding pertain to interstate commerce. Burch claims the State of Illinois used his birth certificate as security to the Federal Reserve Bank for an account "with Cleveland Ohio Bank to draw upon an unlimited amount of credit for the State" which is being used to "conduct[] Interstate Commerce transactions." He seeks "closure and settlement of account 99-P-6" (his state guardianship proceeding) and return of the "Security Agreement dated July 24, 2002." No matter how Burch chooses to cast his claim, this court has no jurisdiction over his state guardianship proceeding. The motion for reconsideration [#5] is denied.

Entered this 2nd day of March, 2005.

                                                    **s\Harold A. Baker**
                                      _____
                                               HAROLD A. BAKER
                                      UNITED STATES DISTRICT JUDGE